# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

2017 JAN 17 AM 11:08
COURT OF APPEALS DIV 1
STATE OF WASHINGTON

STATE OF WASHINGTON,    )
                           )   No. 74061-0-I
         Respondent,      )
                           )   DIVISION ONE
     v.                    )
                           )
K.L.G.,                  )   UNPUBLISHED OPINION
                           )
         Appellant.       )   FILED: January 17, 2017

SPEARMAN, J. — We do not review an argument raised for the first time on appeal unless it relates to a manifest constitutional error that actually prejudices the proceeding. Here, K.L.G. contends that he was unconstitutionally deprived of a jury at his juvenile court adjudicatory hearing. However, he failed to raise the issue below and, on appeal, fails to identify any prejudice from his assigned error. Accordingly, we conclude that the issue is not reviewable. And even if we were to consider the argument, it would fail. We therefore affirm.

## FACTS

On the evening of May 5, 2015 and into early the next morning, K.L.G., T.N., and two other individuals gathered in T.N.'s home. All four were drinking heavily. At some point, one person left the residence and another was intoxicated in the bathroom. Once the others left, K.L.G. had nonconsensual intercourse with T.N., who reported the crime to police.

K.L.G. was charged with Rape in the Second Degree under RCW 9A.44.050. Upon the stipulation of the parties, the juvenile court entered an order retaining jurisdiction.. An adjudication hearing was held on September 14-16, 2015. At the conclusion of the hearing, the trial court found the allegation had been proved beyond a reasonable doubt and that K.L.G. was guilty as charged.

Disposition was held on October 5, 2015. The court adopted an agreed recommendation of the parties for a standard range sentence of 30-40 weeks in the custody of the Juvenile Justice and Rehabilitation Administration. K.L.G. appeals.

## DISCUSSION

K.L.G. contends that the trial court violated his federal and state constitutional rights by not providing him with a trial by jury. He argues that article 1, section 21 and 22 of the Washington Constitution, and the Sixth Amendment of the United States Constitution guarantee him a jury trial in juvenile court.

K.L.G. agreed to juvenile court retention and did not raise this issue at the adjudication level. Generally, we do not consider arguments raised for the first time on appeal. RAP 2.5(a). A defendant may appeal a manifest error affecting a constitutional right, however, even if the issue was not raised before the trial court. RAP 2.5(a)(3). The defendant must identify a constitutional error and show that it had practical and identifiable consequences in the proceeding. State v. Roberts, 142 Wn.2d 471, 500, 14 P.3d 713 (2000). In his briefing, K.L.G. does not explain any practical or identifiable consequence to his assigned error.

2

Because he fails to do so, K.L.G. is unable to show that this issue is reviewable under RAP 2.5(a), and we decline to consider it.

But even if we were to conclude otherwise, we would reach the same result. Our state supreme court has consistently held that the state constitution does not require a jury trial for juvenile offenders. State v. Schaaf, 109 Wn.2d 1, 743 P.2d 240 (1987); State v. Chavez, 163 Wn.2d 262, 267, 180 P.3d 1250 (2008). K.L.G.'s argument that we should rule contrary to this precedent is misguided because we have no authority to do so. Schaaf and Chavez are directly on point and are binding on this court. 1000 Virginia Ltd. P'ship v. Vertecs, 158 Wn.2d 566, 578, 146 P.3d 423 (2006). ("When the Court of Appeals fails to follow directly controlling authority by this court, it errs.")

Finally, K.L.G.'s contention that the Sixth Amendment to the U.S. Constitution guarantees him the right to trial by jury is wholly unsupported. Trial by jury in a state juvenile court proceeding is not constitutionally required. McKeiver v. Pennsylvania, 403 U.S. 528, 91 S. Ct. 1976, 29 L. Ed. 2d 647 (1971).

Affirmed.

WE CONCUR:

_Spearman, J._

_Leach, J._

_Appelwick, J._

3